FREDERICK A. HOLLY v. FREDERICK GOSLING.

A broker, engaged to procure a loan, is entitled to his commissions, when he finds a lender with the money in readiness, and obtains a consent to the loan with an approval of the proposed security; although the lender, upon examining the title, finds the property encumbered, and therefore refuses to consummate the transaction.

Where a broker, employed to negotiate a loan, failed therein and committed the negotiation to another broker, who procured the lender's assent to such loan, and was thereupon accompanied by the borrower in calling upon counsel engaged by the lender to investigate the title of the property offered as security; held, that the borrower, having adopted the acts by accepting the services of the broker last mentioned, thereby ratified the transfer and became liable to

him for the customary commission, notwithstanding the absence of any original employment.

THIS was an appeal from a judgment in favor of a broker, for commissions upon the alleged negotiation of a loan. The facts appear in the opinion.

*Hiram Hunt*, for the defendant.

*John B. Stevens*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—There appears to us no just foundation for this appeal. The action was prosecuted to recover commissions alleged to have been earned in negotiating a loan for the plaintiff.

The evidence on the part of the plaintiff showed that William C. Holly was originally applied to by the defendant, but that he did not succeed in procuring the desired loan, and that he thereupon committed the negotiation to the care of the plaintiff. If this had been the only evidence, the claim made on behalf of the defendant by his counsel, that he never employed the plaintiff, might have been sustained; but it distinctly appears that after the plaintiff undertook the negotiation, and had procured the assent of the lender to make the loan, both the plaintiff and the defendant called frequently upon the counsel employed on behalf of the lender, to search the title to the property offered as security, and that the defendant adopted the plaintiff's acts, and so ratified the transfer of the matter to the plaintiff. The defendant having thus accepted his services, may not now say that he did not originally employ him, and refuse, upon that ground, to make him just compensation.

The letters read in evidence, written by W. C. Holly, undoubtedly tend to discredit the evidence of the latter, but they were not evidence against the plaintiff for any purpose except as a contradiction of his witness, and they are not, therefore, inconsistent with his right to claim and have compensation for the services he rendered, and to which he was entitled by way of customary commission upon the sum borrowed.

In any view of the subject, the question whether the defendant employed the plaintiff, or ratified his employment and accepted his services, was a question of fact, and if the evidence be conflicting, the decision of the court below must in this case be considered final.

It is further claimed that, as the counsel for the lender found the title to the premises defective and finally withheld the loan for that reason, therefore the plaintiff, as matter of law, could not recover commissions. There is no such rule. The plaintiff did all that was necessary to make his title to commissions perfect. He did procure the loan. That is, he found a lender—the money was ready. He procured a consent to the loan, and obtained an approval of the sufficiency of the security. He could do no more. His employment required nothing more. It was no part of his undertaking or duty to remove incumbrances upon the premises proposed to be mortgaged ; and if an incumbrance was found, or if by reason of his failure to remove the incumbrance, the lender refused to consummate the transaction by paying over the money, that was the defendant's fault, and furnished no defence to the plaintiff's claim for commissions which the latter had fully earned.

The judgment should be affirmed with costs.

Judgment affirmed with costs.